JOHN H. WHITMORE, Respondent, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant.

The provision of the act of 1873 reorganizing the local government of the city of New York (§ 97, chap. 335, Laws of 1873), which authorizes the board of apportionment to fix the salaries of all officers paid from the city treasury, includes only city officers; *i. e.*, such as are connected with the political organization of the city government.

Clerks of the district courts of the city are not such officers, but judicial officers embraced within the judiciary system of the State.

Accordingly *held*, that a resolution of the board of apportionment fixing the salaries of such clerks was inoperative, and that they were entitled to the salaries given them by the act of 1872, relating to courts in the city and county of New York.   (§ 1, chap. 438, Laws of 1872.)

(Argued June 15, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, in favor of plaintiff, entered upon an order denying a motion for a new trial and directing judgment on a verdict.   (Reported below, 5 Hun, 195.)

This action was brought to recover a balance of salary alleged to be due plaintiff as clerk of the district court of the city of New York for the third judicial district.

The salary of such clerk is fixed by chapter 438 of the Laws of 1872, at $3,000 per annum.

The board of estimate and apportionment of the city and county of New York, under and pursuant to section 97 of chapter 335 of the Laws of 1873, passed a resolution fixing the salary of plaintiff and other similar officers at $2,500 per annum.   At that rate plaintiff has been paid, and he brought

this action to recover the difference between that sum and $3,000, for the period covered by his complaint.

The court directed a verdict for the amount claimed, which was rendered accordingly. Exceptions were ordered to be heard, at first instance, at General Term.

*D. J. Dean* for the appellant. Plaintiff was an officer within the meaning of section 97 of chapter 335, Laws of 1873. (*Collins* v. *Mayor, etc.*, 3 Hun, 681; *Sullivan* v. *Mayor, etc.*, 47 How. Pr., 491.)

*James W. Fowler* for the respondent. Section 97 of chapter 335, Laws of 1873, does not refer to plaintiff, and included only officers forming part of the political organization of the city government. (*Quinn* v. *Mayor, etc.*, 44 How. Pr., 266; 53 N. Y., 627; *Day* v. *Buffington*, 11 Int. Rev. Rec., 205; 11 Wal., 113; *Freedman* v. *Sigel*, 10 Blatch., 327; *Landon* v. *Mayor, etc.*, 7 J. & S., 467.)

*Per Curiam.* We are of the opinion that the act, chapter 335 of the Laws of 1873, authorizing the board of apportionment to fix the salaries of all officers paid from the city treasury, does not include any but city officers, such as are connected with political organization of the city government. The act is entitled "An act to reorganize the local government of the city of New York."

The plaintiff is not such an officer, but is a judical officer, embraced within the judiciary system of the State. (*Quinn* v. *Mayor, etc.*, 44 How. Pr., 266; affirmed in this court, 53 N. Y., 627; *London* v. *Mayor, etc.*, 7 J. & S., 467.)

If the legislature intended to embrace other than strictly city officers, it must be presumed that the statute would have so declared in express terms. The constitutional question need not be considered.

The judgment should be affirmed.

All concur; FOLGER, J., absent.

Judgment affirmed.