# Cases

# FIRST DEPARTMENT

AT

## GENERAL TERM,

### March, 1878.

THE PEOPLE OF THE STATE OF NEW YORK EX REL. BENJAMIN K. PHELPS *v.* THE COURT OF GENERAL SESSIONS OF THE COUNTY OF NEW YORK, RESPONDENT.

*A civil justice in New York — not an officer or employe of the city government under §. 95 of chap. 335 of 1873 — Indictment for obtaining money by false pretenses — what must be alleged in.*

A civil justice of one of the District Courts in the city of New York is not " an officer of the city government or a person employed in its service" within the meaning of section 95 of chapter 335 of 1873.

An indictment alleging that the defendant, with intent feloniously to cheat and defraud the city of New York, and to get into his possession a certain sum of money belonging to said city, knowingly made certain false and fraudulent representations to an officer thereof whereby the latter was induced to pay the said money to a third person, but which does not allege that the defendant received the money or any portion thereof, either alone or in conjunction with others, is bad and should be quashed.

*Quære,* whether, if the indictment charged that the person who made the false pretenses obtained the money, it would be sufficient upon the trial to show that some other person actually received it.

Where it is claimed that there is a misjoinder of counts in an indictment because the first count charges a misdemeanor only, and the second count a felony, the proper remedy is to put the district attorney to his election, or to ask the court to give proper instructions to the jury as to their verdict; such misjoinder does not entitle the defendant to have the indictment quashed, except in the discretion of the court.

**396** PEOPLE ex rel. PHELPS *v.* GENERAL SESSIONS.

FIRST DEPARTMENT, MARCH TERM, 1878.

CERTIORARI, brought by the district attorney, to review the judgment and decision of the Court of General Sessions, quashing an indictment theretofore found in that court against one John Flanigan.

Flanigan, it was charged, while a civil justice of the Tenth Judicial Court of the city of New York falsely certified upon the pay roll of his court to the comptroller of the city, upon the forms provided by him for that purpose, that one Benjamin F. Haskin had rendered services as a stenographer to said court and was entitled to pay therefor, when in fact the said Haskin was not a stenographer and had never rendered any service as such.

Upon these allegations Flanigan was indicted. The indictment contained three counts: First count charged that, by reason of the premises substantially above set forth, "Flanigan, justice, as aforesaid, and being a person holding a public trust, office and employment in said city and county of New York, etc., unlawfully, knowingly and corruptly did willfully neglect to perform the duty imposed upon him by law as such justice," viz., "to correctly state and certify to the said corporation the services rendered in said court by the several persons attached thereto," etc. Second count charges the same facts as being an abuse of powers. Third count charges the same facts, as the obtaining of money from the corporation by false pretenses.

The motion to quash was based on the following grounds: 1st. That there is a misjoinder in uniting the two first counts, which are for misdemeanor, with the third for false pretenses claimed to be a felony. 2d. That the two first counts cannot be maintained except upon the theory that Flanigan, as such district justice, was an officer of the corporation of the city of New York, within the meaning of chapter 335 of the Laws of 1873 (Session Laws of that year, p. 484), and especially of section 95 thereof (p. 509), and that he was not such officer. 3d. That the count for false pretenses cannot be maintained, inasmuch as the party who made the pretense does not appear to be the party who obtained the money.

The motion to quash was granted by the city judge upon the two latter grounds, no opinion being expressed by him on the question of joinder.

*B. K. Phelps,* for the plaintiff in error.

PEOPLE ex rel. PHELPS *v.* GENERAL SESSIONS. 397

First Department, March Term, 1878.

*William F. Kintzing* and *John Flanagan*, for the respondent. The third count in the indictment charging false pretenses is fatally defective in substance and is demurrable. The court properly quashed it. (3 Rev. Stat. [6th ed., Banks Bros.], 948, § 58; *Rex* v. *Garrett*, 1 Dears. C. C., 232; see Graves' Criminal Statute, 136; 3 Russell on Crime, 618, note *d* [4th ed.]; *Rex* v. *Wavel*, 1 Moody C. C., 224; *Rex* v. *Eagleton*, 1 Dears. C. C., 515; *Rex* v. *Wetchel*, 2 East P. C., 830.)

DAVIS, P. J.:

If it be conceded, that there is a misjoinder of counts in the indictment because the first count charged a misdemeanor only, and the second a felony, that fact would not entitle the defendant to have the indictment quashed; for two reasons:

1. The motion to quash is addressed to the discretion of the court, and its refusal, when based upon a misjoinder of counts, would not be error.

2. The proper remedy in such a case is, by motion at the trial, to require the prosecuting attorney to elect upon which count of the indictment he will proceed; or to ask the court to give proper instructions to the jury in relation to their verdict.

The first and second counts of the indictment were quashed on the ground that the defendant was not "an officer of the city government, or a person employed in its service." These counts were based on section 95 of the act of April 30, 1873. (Laws of 1873, chap. 335, pp. 484, 509.) Section 95 of that act declares that "any officer of the city government, or person employed in its service, who shall willfully violate or evade any of the provisions of this act, or commit any fraud upon the city * * * shall be deemed guilty of a misdemeanor."

The defendant was a civil justice of the tenth judicial District Court of the city of New York. The question whether he, as such justice, was an officer of the city government or a person employed in its service, was disposed of by *Quin* v. *The Mayor* (44 How. Pr., 266), which was affirmed by this court and reaffirmed by the Court of Appeals (53 N. Y., 627), on the opinion given at Special Term, by FANCHER, J. It is there held that the District Courts formed part of the judicial sys-

**398** PEOPLE ex rel. PHELPS v. GENERAL SESSIONS.

First Department, March Term, 1878.

tem of the State, and that their justices are not local officers of the city, within the meaning of section 97 of chapter 335 of the Laws of 1873. It seems necessarily to follow, that they are not officers within the meaning of section 95 of the same act.

The same question has been before the courts in respect to the clerks of the District Courts, and it was held both by this court and by the Court of Appeals, affirming the judgment of this court, that such clerks are not local officers of the city and county of New York, for the same reason that the justices of those courts are not such officers. ( Whitmore v. Mayor, 5 Hun, 195 ; S. C., 67 N. Y., 21.) The same point was also adjudicated in the same way by the Superior Court of the city of New York. (Landon v. Mayor, 7 J. & S., 467.) The question can no longer be considered an open one ; and the judgment of the Court of Sessions quashing the first and second counts of the indictment must, for that reason, be affirmed.

The question as to the third count of the indictment would seem by the opinion of the court below, to have been disposed of, in part at least, upon a concession of the district attorney, that the count could not be sustained, and an expression of his willingness that it should be quashed. But it is now insisted that this part of the opinion of the court below is the result of a misunderstanding ; at all events, the same concession is not made here, but, on the contrary, it is urged that the indictment properly charges the crime of obtaining money by false pretenses, as defined by the statute. (3 R. S. [6th ed.], 948, § 58.)

The count charges in substance that the defendant, being a justice of the Tenth District Civil Court of the city of New York, with intent feloniously to cheat and defraud the mayor of said city of New York, and to obtain and get into his possession the sum of $166.66, in money, of the proper moneys of the said corporation, did then and there feloniously, unlawfully, knowingly, and designedly, falsely pretend, represent, and upon the pay-roll of the said Tenth District Civil Court, for the month of September, 1874, certify in writing to the comptroller of the said city, that Benjamin F. Haskin, whose name appeared upon said pay-roll as stenographer of the Tenth District Court, had performed services in said court for the corporation aforesaid as such stenographer, from the

PEOPLE ex rel. PHELPS v. GENERAL SESSIONS. 399

First Department, March Term, 1878.

first to the thirtieth day of September, 1874, inclusive, as in the said pay-roll set forth; and that there was then due to him for such services, from the corporation aforesaid, the sum of $166.60 in money. That the comptroller believing said false pretenses, representations and certificate in writing, so made as aforesaid by the said justice, and being deceived thereby, was induced by reason thereof to deliver and cause to be delivered and did then and there deliver and cause to be delivered to the said Benjamin F. Haskin a certain sum of money, to wit, the sum of $166.66, in money; and the said Haskin did then and there designedly receive and obtain the said sum of money by means of the false pretenses, representations and certificate aforesaid, with intent on the part of both the said defendant and the said Haskin feloniously to cheat and defraud the said mayor, etc., of New York, of that sum.

It then avers that the said Haskin had not rendered services as stenographer during the time named in said pay-roll, and that the said mayor, etc., were not indebted to the said Haskin for services rendered as stenographer to said court, in the sum named or in any other sum, nor was the said Haskin entitled to demand, require or receive any sum of money whatever from the said mayor, etc., on account of services rendered or alleged to be rendered by him as such stenographer, as the said defendant at the time he made the aforesaid false pretenses, representation and certificate well knew.

And then follows the general conclusion, averring as the legal effect of the charge, that the said Haskin and said defendant, by means of the false pretenses, representations and certificate aforesaid, so made by the defendant, unlawfully, falsely, knowingly and designedly, did receive and obtain from the comptroller the sum of money aforesaid.

The charging part of the indictment does not allege that the money or any part thereof was obtained or received by the defendant; and the question presented to this court is whether it is sufficient to charge that by reason of an alleged false representation made by the defendant, the money or property of another has been obtained by a third person. The count would unquestionably be good if the charging part had alleged that the pretense was by the defendant, and the obtaining and receiving the money under the pretense was by Haskin *and the defendant*, for this would set out

a sufficient obtaining by the defendant. Where a false pretense is made by one party and moneys obtained thereon by two or more, it is enough to charge that the person who made the pretenses is one of the parties by whom the money or property was obtained. But it is not so clear that it is sufficient to allege that the defendant made the false pretenses upon which some other person obtained money.

As matter of pleading we think the indictment is bad, for it should be in form a charge that the person who made the pretenses obtained the money and property, even if it would be sufficient to show, on the trial, that some other person actually received it. There may be cases, perhaps, in which the courts would hold that under our statute of false pretenses it would be sufficient, in order to uphold the allegation, that the defendant who made the pretenses obtained the property, to show that it was delivered or received by some other person by reason of such false pretenses. But in such case the pleading should distinctly aver the obtaining to have been by the person prosecuted in and by the indictment. The charging part of this indictment does not allege that the defendant obtained or received any sum of money; on the contrary it avers that the defendant, as such justice, affixed his certificate to the pay-roll, upon which one Haskin obtained and received money from the city as his salary as stenographer when, in fact, he rendered no such service. And we do not think this defect is cured by the averment as to the legal effect of the facts charged, contained in the concluding portion of the indictment.

A similar question was before the courts under an English statute (Vict., 24, 25, cap. 96, § 88; *Reg.* v. *Garrett,* 1 Dears. C. C., 232), in which it was held in substance, that it must be shown under the statute that the property was obtained by the prisoner. Maule, J., said: "The word 'obtain' means the same as the word 'get,' in its sense of 'acquire.'" Parke, B., said: "The word 'obtain' seems to mean, not so much a defrauding, or depriving another of his property, as the obtaining of some benefit to the party." And in consequence of that decision a new statute was passed, covering a case where one party, by a false pretense, caused or procured money or property to be delivered to another person for his use or benefit, or for the use or benefit of any person, with

intent to defraud. (3 Russel on Crimes, 618, note *b;* Roscoe's Crim. Ev. [7th ed.], 473.)

We are of the opinion, therefore, that the third count of the indictment was also properly quashed, because its charging part did not contain any averment that the money was obtained by the defendant named in the indictment.

The order and judgment should, therefore, be affirmed.

BRADY and INGALLS, JJ., concurred.

Judgment and order affirmed.