JAMES W. BRINCK, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT.

*Board of police justices — statement of expenditures by, under § 112, chapt. 335 of 1873 — subject to revision by board of estimate and apportionment.*

When the board of police justices of the city of New York submits, as required by section 112 of chapter 335 of 1873, to the board of estimate and apportionment, a statement as to the salaries and expenditures to be made by them, the board of estimate and apportionment have power, under section 4 of chapter 538 of 1873, to determine whether the expenditures and number of persons employed about such courts, and the salaries paid, are more than the public interests, in their opinion, require.

When they strike from the appropriation the whole amount contained in the report for the salaries of janitors, such action is equivalent to a determination that the services of such janitors are no longer required, and that they should not thereafter be employed.

MOTION for a new trial on exceptions, ordered to be heard in the first instance at the General Term, after an order directing the dismissal of the complaint.

The board of police justices, acting under section 12 of chapter 538 of 1873, on February 7, 1876, appointed the plaintiff janitor of the fifth district police court, at an annual salary of $1,500, payable monthly, at the end of each month.   The plaintiff, under his appointment, rendered services as janitor during the month of March, 1877.   The board of police justices, on September 22, 1876, presented to the board of estimate and apportionment an estimate for the year 1877, which made provision for the payment of appellant's salary as janitor, and for the payment of the other janitors appointed by the board of police justices.   The defendants refused to pay the plaintiff his salary for said month of March, for the reason that the board of estimate and apportionment failed to make an appropriation for the salary of janitors appointed by the board of police justices, and in their final estimate no provision was made for such payment.

This action was brought to recover plaintiff's salary for the month of March, 1877.   The justice, before whom the case was tried, dismissed the complaint, on the ground that no appropriation had been made by the board of estimate and apportionment, but ordered that the exceptions taken on the trial be heard in the first instance at General Term.

*John J. Lindsay,* for the appellant.

*D. J. Dean,* for the respondent.

DAVIS, P. J.:

It was held in *Bergen* v. *The Mayor* (5 Hun, 243) that the board of police justices of this city have power to appoint janitors as necessary attendants of the police courts and to remove the same at pleasure.   Chapter 538 of the Laws of 1873, section 4,

provides that "it shall remain the duty of the city of New York and its several officers to supply and pay for whatever may be necessary for the transaction of the business of the police courts and board of police justices in said city, as it was before the passage of this act, to supply all proper books, stationery and furniture, and to pay all the salaries and compensation, expenses and disbursements herein authorized, and for that purpose the supervisors of the city and county of New York, or other proper financial officers of said city, shall annually cause the proper amount to be levied, raised and appropriated for the purposes aforesaid ; but the proper authorities of said city may require all such expenditures, and the number of persons employed about such courts, and the salaries (save those herein fixed), to be no more than the public interests in their opinion require."

This provision clearly places the number of persons employed and the salaries to be paid within the control of " the proper authorities of said city." Section 112 of the charter of 1873, chapter 335, Laws of 1873, creates a board of estimate and apportionment, who are first to make a provisional estimate of the amounts required to pay the expenses of conducting the public business, etc., which provisional estimate is then to be subjected to the scrutiny of the board of aldermen, and afterwards, upon consideration of any objections or suggestions that may be made by the board of aldermen, is to become the final estimate appropriated and to be raised for the purposes mentioned in the charter.

This board of estimate and apportionment was " *the proper authority of said city*," referred to in chapter 538 above cited, who may require the expenditure and the number of persons employed about the police courts of the city of New York, and the salaries thereof, to be no more than the public interests in their opinion require. When the board of police justices reported to the board of estimate and apportionment, as required by section 112 of the charter, a statement as to the salaries and expenditures to be made by them, the board of estimate and apportionment undoubtedly had power to consider that report and to determine whether the expenditures, and the number of persons employed about such courts, and the salaries paid, were more than the pub-

lic interests in their opinion required.     In this case they made
such determination by striking out from the appropriation
the whole sum contained in the report of the board of
police justices as salaries for janitors.     In *Dunphy* v. *The Mayor*
(8 Hun, 479) this court held that a similar refusal to appropriate
for the salary of a deputy-clerk was equivalent to a determination
that the services of such deputy-clerk were not required by pub-
lic interests, and that after such determination the lawful employ-
ment of the deputy-clerk ceased.     That decision is controlling on
this point, and the refusal of the board of estimate and apportion-
ment to make any appropriations for the salaries or compensations
of janitors of police-courts was, in legal effect, declaring that such
janitors should be no longer employed.     Their subsequent employ-
ment by the board of police justices was without authority, and
the consequence is that there can be no recovery against the city
for their compensation or salary.

   This case does not come within the cases of *Quinn* v. *The Mayor*
(44 How., 266; and *Whitmore* v. *The Mayor*, 5 Hun, 195;
Aff'd, 67 N. Y., 21), because in respect to these officers the
special statute of 1873, entitled "An act to secure better administra-
tion in the police court of the city of New York," above cited,
clothes the board of estimate and apportionment with power over
the salaries and employment of these officers, notwithstanding the
police courts are not a department of the city but belong to the
judicial system of the State.

   The result is that the motion for a new trial upon exceptions
should be denied, and judgment ordered for the defendant.

BRADY and INGALLS, JJ., concurred.

Motion for new trial denied, and judgment ordered for defend-
ant.