## McDONALD v. MAYOR, ETC., OF CITY OF NEW YORK.

(Circuit Court, New York County. May 24, 1889.)

Application by William E. McDonald for mandamus, to compel petitioner's reinstatement in office. Trial of issues on alternative writ.

BARRETT, J. The clerk of the city court is authorized to appoint and at pleasure remove three deputy clerks and ten assistants. Code Civ. Proc. § 328. The question is, whether this power has been modified by chapter 119 of the Laws of 1888 with respect to soldiers, sailors, and marines who served as such in the Union army and navy during the war of the Rebellion, and were honorably discharged. In this act is provided that no such soldier, sailor or marine, "holding a position by appointment in any city or county of this state, receiving a salary from the city or county * * * shall be removed from such position, except for cause shown after a hearing had." In my judgment, this act refers to positions held under the municipalities of the state or the governmental system of counties. The language is broad enough, if read literally, to include all positions, state or otherwise, held within the territorial limits of any city or county. Thus read, it would include all positions held by appointment in this state where the salaries are received from a city or county. If this was intended, it would have been shorter and clearer to draft the act in this wise: "No person holding a position by appointment in this state, receiving a salary from any city or county," shall, etc. Clearly, it was not the territory embraced within the municipality or county which was contemplated by the act, but the govermental system. The subsequent reference to "the position of private secretary or chief clerk or deputy of any official or department" favors this view. It seems to be reasonably clear, from the entire act, that the intention was to cover the civil and political administration of cities and counties, and not to interfere with the judicial machinery. Under the decisions, an assistant clerk of the city clerk is a state officer. It has been held that the clerk of a local court is a judicial officer embraced within the judiciary system of the state. McDonald v. Mayor, etc., 33 Hun, 667, affirmed 102 N. Y. 728; Whitmore v. Mayor, 67 N. Y. 21. As was said in the case last cited: "If the leg-

islature intended to embrace other than city [or county] officers, it must be presumed that the statute would have so declared in express terms." There are two rules of construction which strengthen this position. One is that, where an exception is made in favor of a particular class of citizens, the privilege conferred should be strictly construed, and not extended by doubtful implication. In other words, the privilege should be clearly within both the letter and the intent of the statute. The other rule is that, in construing a statute, its title is a legitimate subject of consideration in determining the legislative intent. People v. Davenport, 91 N. Y. 574; People v. Wood, 71 N. Y. 371; Jones v. Sheldon, 50 N. Y. 477. Now, the act in question is entitled "An act relating to employees of the various cities and counties of the state." This latter fact would seem to be entirely conclusive of the present question, and to indicate beyond peradventure the legislative intent. With the tenderest consideration for the veteran for whose benefit this act was passed, I am constrained to apply, with regard to this particular branch of the service, the settled rules of law, and accordingly I must direct a verdict for the defendant.