(11 Misc. Rep. 291.)

### TORNEY v. STINER, Justice.

(Common Pleas of New York City and County, General Term.  February 4, 1895.)

MANDAMUS—TO COMPEL REINSTATEMENT TO OFFICE.

Where a relator was discharged from the office of court attendant without cause, and without a hearing, and another person appointed in his stead, mandamus will not lie to compel the justice to reinstate him on the ground that he was an honorably discharged volunteer fireman, it being a debatable question whether the veteran acts apply to the judicial department; but relator's remedy is by quo warranto against the incumbent.  27 N. Y. Supp. 913, affirmed.

Appeal from special term.

Application by John Torney for a writ of mandamus against Joseph H. Stiner, as justice of the district court in the city of New York for the Eighth judicial district.  The proceeding was dismissed (27 N. Y. Supp. 913), and relator appeals.  Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

John Jeroloman, for appellant.

Theodore Connoly, for respondent.

GIEGERICH, J.    The relator was duly appointed as an attendant in the district court in the city of New York for the Eighth judicial district in March, 1888.    On the 2d day of January, 1894, he was removed, without cause and without a hearing, by Justice Joseph H. Stiner, the present justice of said court, who has appointed one John Nunnery in his place as such court attendant, and who now fills said position.    Upon being notified of his discharge, the relator called Justice Stiner's attention to the fact that he was an honorably discharged volunteer fireman, and demanded his immediate rein-

statement, which being refused, an application was made at special term for a peremptory writ of mandamus requiring said Justice Stiner "to immediately recognize, reinstate, or reappoint" the relator to said position. The learned judge, in an elaborate opinion, dismissed the proceeding, wherein he, among other things, said:

"In New York it is settled beyond controversy that quo warranto is the proper and the only proceeding for trying and adjudging the right to office; and that, as against an incumbent occupying under the color of legal title, mandamus is unavailable and inoperative for the admission of an adverse claimant," —citing People v. Goetting, 133 N. Y. 569, 30 N. E. 968, and numerous authorities.

The relator has brought on this appeal, and his counsel insists that he has pursued the proper remedy.

Spelling, in his treatise on Extraordinary Relief in Equity and at Law, at page 1293, § 1576, says:

"There is an important distinction to be taken between cases where mandamus is sought to induct a claimant into an office already filled, and those where one actually in office has been removed or deprived of his rights and privileges therein. In the former case, as has been shown, the incumbency of another under such color of right as constitutes him an officer de facto rather than a mere intruder will be a complete answer to the petition; but, where one has been wrongfully deprived of an office by the illegal appointment of another, mandamus will issue to effect his restoration, even though such appointee be in possession de facto. It is essential, however, to entitle a relator who has been removed to mandamus for his restoration that he be clearly entitled de jure to the office from which he has been removed. It is not sufficient that he show himself to be an officer de facto, but he must also show a clear legal right, and his failure to do so will warrant a refusal of the peremptory writ."

In People v. Goetting, supra, the relator was clerk of a police court in the city of Brooklyn. He was removed by the respondent, who appointed another in his place. The relator claimed that, as an honorably discharged soldier of the late war of the Rebellion, he could not be removed except for cause and after a hearing had, and brought proceedings by mandamus for his restoration to office. The court below denied the application for the writ, on the merits, and this ruling was affirmed by the general term. On appeal to the court of appeals, it was decided that the proceeding should not have been entertained, and that the court below should have left the claimant to his action in the nature of quo warranto, in which the incumbent of the office could be heard in defense of his rights. Gray, J., who spoke for the court, said:

"The rule must be regarded as well established by frequent decisions in the courts of this state that the writ of mandamus should be refused to aid the admission of a claimant into an office already filled under color of law, and when the title to it presents a disputable question."

The relator's right to the position, which is conceded to be a public office, turns upon the construction of the language of chapter 577 of the Laws of 1892, entitled "An act to amend section one of chapter one hundred and nineteen of the laws of eighteen hundred and eighty-eight, entitled 'An act relating to employees for the various cities and counties of the state,'" which in part provides:

"No person holding a position by appointment in any city or county or who may hereafter be appointed, receiving a salary from such city or county (unless

he has been appointed for a definite term), who * * * shall have served the time required by law in the volunteer fire department * * * shall be removed from such position except for cause shown after a hearing."

The object of this act was to extend the privileges of the act of 1888 to veterans of the Mexican war, and to honorably discharged volunteer firemen, and with these exceptions there have been no changes in the original act.

These statutory provisions, which are known as the "Veteran Laws," were carefully examined by Mr. Justice Barrett at circuit in McDonald v. Mayor (Cir. Ct.) 32 N. Y. Supp. 280, in which the relator sought reinstatement by writ of mandamus as one of the assistant clerks of the city court of New York, on the ground that he was a veteran of the war of the Rebellion. The learned justice directed a verdict in favor of the defendant, in an opinion delivered on May 24, 1889, in which he, among other things, said:

"It seems to be reasonably clear from the entire act that the intention was to cover the civil and political administration of cities and counties, and not to interfere with the judicial machinery. * * * If the legislature intended to embrace other than city or county officers, it must be presumed that the statute would have so declared in express terms."

This ruling was followed by O'Brien, J., at chambers, in People v. Nicoll (Sup.) infra, in which he denied the application of the relator, who was a veteran of the war of the Rebellion, for reinstatement to a position in the district attorney's office.

These adjudications are the only ones in point to which we have been referred, or which we have been able, after diligent research, to discover. They appear to be directly in point, and adverse to the position contended for by the relator; but in this proceeding they should be considered only in connection with the question whether the relator has shown a clear legal right to the office. This, in our opinion, he has failed to do. At all events, it is manifest that the title to such office presents a disputable question. For these reasons, the order appealed from should be affirmed, with costs. All concur.