PEOPLE ex rel. ALLEN v. METZ, City Comptroller.

(Supreme Court, Special Term, New York County. December 28, 1908.)

1. MUNICIPAL CORPORATIONS (§ 162*)—OFFICERS—SALARIES—SCOPE OF STATUTE.
     Greater New York Charter (Laws 1901, p. 32, c. 466) § 56, requiring salaries paid out of the city treasury, with certain exceptions, to be fixed by the board of aldermen, includes only city officers.
     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 369; Dec. Dig. § 162.*]

2. MUNICIPAL CORPORATIONS (§ 204*)—COMMISSIONS—CHARACTER.
     Under Laws 1906, p. 1646, c. 639, as amended by Laws 1908, p. 1208, c. 422, creating the Metropolitan Sewerage Commission to consider means

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for protecting the waters of New York Bay and vicinity against pollution, authorizing New York City to pay the expenses thereof, etc., the commission is a state commission, and not a city commission, and hence Greater New York Charter (Laws 1901, p. 32, c. 466) § 56, relating to the salaries of city officers, is inapplicable to employés of the commission.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 549, 556; Dec. Dig. § 204.*]

Application by the People of the State of New York, on the relation of Kenneth Allen, against Herman A. Metz, Comptroller. Application granted.

Mellen & Woodbridge (Chase Mellen, of counsel), for plaintiff.
Francis K. Pendleton (John F. O'Brien, of counsel), for respondent.

SEABURY, J. This is an application for a peremptory writ of mandamus to compel the comptroller of the city of New York to audit and pay the salary of the relator as an engineer of the Metropolitan Sewerage Commission. The relator was appointed engineer of the Metropolitan Sewerage Commission at a salary of $4,000 per annum, and duly entered upon the performance of his duties as such engineer on July 27, 1908. The respondent has refused to pay the salary of the relator solely upon the ground that the salary of the relator has not been fixed by the board of aldermen of the city of New York in the manner required by section 56 of the Greater New York charter (Laws 1901, p. 32, c. 466). This section provides that:

"Except as in this section otherwise provided, it shall be the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury other than day laborers and teachers, examiners and members of the supervising staff of the department of education, irrespective of the amount fixed by this act, except that no change shall be made in the salary of an elected officer or head of a department during his tenure of office."

The precise question, therefore, which is presented for decision, is whether or not the salaries of employés of the Metropolitan Sewerage Commission must be fixed by the board of aldermen under section 56 of the Greater New York charter. While the language of section 56, in terms, relates to "the salary of every officer or person whose compensation is paid out of the city treasury," yet in fact this provision "does not include any but city officers." This was distinctly held in Whitmore v. Mayor, 67 N. Y. 21, where the same language was given this interpretation. The language employed in section 56 of the Greater New York charter, broad in its scope as it is, is subject to the limitation that it is applicable only to city officers. So that the subject presented for determination is narrowed to the question as to whether the Metropolitan Sewerage Commission is a state or city commission. Section 56 of the Greater New York charter has application to this case, therefore, only in the event of the Metropolitan Sewerage Commission being held to be a city commission.

The determination of this question makes necessary another and independent inquiry to determine the nature and character of the Metropolitan Sewerage Commission. This inquiry must be pursued without reference to the provisions of section 56 of the Greater New York

charter. In other words, we are not to determine the character of the Metropolitan Sewerage Commission by reference to section 56; but, having by an independent inquiry determined the character of the Metropolitan Sewerage Commission, we shall experience little difficulty in determining whether section 56 is applicable to it. If this commission is a state commission, section 56 is inapplicable. If it is a city commission, section 56 is applicable to its employés. In 28 Cyc. 400, it is said that:

"Whether officers of a department of a municipality are state or municipal officers depends on the nature of the duties which they perform."

The Metropolitan Sewerage Commission was created under and pursuant to the provisions of chapter 639, p. 1646, Laws 1906, which was amended by chapter 422, p. 1208, Laws 1908. The act of 1906 was designed "to provide for a commission to investigate and consider means for protecting the waters of New York Bay and vicinity against pollution, and authorizing the city of New York to pay the expenses thereof." In the act it is provided that the mayor "shall appoint" the members of the commission, and that "each of the persons so appointed shall be a resident of New York state." It is also provided that the corporation counsel of the city of New York "shall be the attorney at law for, and legal adviser of, the board." Section 2 of the act declares that "it shall be the duty of the board to continue the work of the New York Bay Pollution Commission, established by chapter 539 of the Laws of 1903, and to extend the work of that commission so as to include" the subjects specified in the act. Among the duties specified, and with the performance of which the present board is charged, is the making of investigations into the sanitary condition of the waters of New York Bay, and other bodies of water within or adjacent to the several boroughs of the city and neighboring districts. The board is also to investigate the most effective and feasible means of permanently improving and protecting these waters. The board is further charged with the obligation to co-operate with any duly authorized body or commission having similar authority in the state of New Jersey. The members of the board are required to report to the mayor of the city, and the city of New York is directed to pay the expenses of the commission by the issue of corporate stock. The act further directs that the Secretary of State transmit a copy of the act to the Governor of New Jersey, and "to extend through him an invitation to the state of New Jersey to cooperate with the state and city of New York in carrying out the purpose to be attained by this act."

If, therefore, the character of the Metropolitan Sewerage Commission is to be determined by the nature of the duties which it performs, it seems to me that there can be little doubt that in its essential characteristics, it is a state commission. The internal evidence furnished by the act creating it shows this to be the case. Further support for this view is found in the fact that the chief purpose of its creation was to carry on and extend the work formerly performed by the New York Bay Pollution Commission, and that commission was concededly a state commission. The Metropolitan Sewerage Com-

mission being a state commission, it follows that the provisions of section 56 of the Greater New York charter are inapplicable to its employés.

It follows, from this conclusion, that a peremptory writ of mandamus should issue. No costs. Settle order on notice.