(72 Misc. Rep. 456.)

PEOPLE ex rel. McDERMOTT v. BOARD OF ESTIMATE AND APPORTIONMENT OF CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. June, 1911.)

COURTS (§ 57*)—STENOGRAPHERS—COMPENSATION.

    Under Laws 1907, c. 603, § 6, amending section 1373 of the Greater New York charter (Laws 1901, c. 466), the board of estimate and apportionment of the city of New York has power to fix the compensation of stenographers of the Municipal Courts of New York City, and cannot be controlled by the recommendation of the board of justices.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 57.*]

Application by the People, on the relation of William J. McDermott, for writ of mandamus against the Board of Estimate and Apportionment of the City of New York. Motion denied.

Junius P. Wilson, for relator.
James D. Bell, Asst. Corp. Counsel, for defendant.

ASPINALL, J. As a matter of justice and equity nothing would give me greater pleasure than to grant the request of the relator in this matter, and by so doing increase the salary of the stenographers of the Municipal Courts of the city of New York from $2,000 per year to the sum of $3,000 per year. These stenographers are faithful, hard-working public officials, and, in my opinion, very much underpaid. They receive the same salary at the present time as they did more than 20 years ago, when the position was created, while the labors entailed upon them have greatly increased; but, unfortunately for the relator and his associates, I am more than convinced that under the law I cannot grant this motion.

Section 6 of chapter 603 of the Laws of 1907 amended section 1373 of the Greater New York charter, and, in so far as it is material here, provides as follows:

---

"The board of estimate and apportionment shall, on the recommendation of the board of justices prescribe the number of assistant clerks, stenographers, interpreters, attendants and other employés of the said court for each borough and shall fix their respective salaries except as herein specifically provided."

The contention made before me upon this motion by the relator is that under the amendment the board of estimate and apportionment of the city of New York shall fix the compensation of each stenographer of the Municipal Courts of the city of New York at the sum of $3,000, because under this act the board of justices of said courts so recommend. I cannot sustain this claim. The case of Whitmore v. Mayor, etc., 67 N. Y. 21, held that the old board of apportionment of the city of New York had no power to reduce the salary of the clerk of the old district court, for the reason that he was a judicial officer embraced within the judiciary system of the state; but in the last paragraph of the opinion in this case I find as follows:

"If the Legislature intended to embrace other than city offices, it must be presumed that the statute would have so declared in express terms."

By reference to chapter 603 of the Laws of 1907, we find that this statute has so declared in express terms; and therefore, notwithstanding the fact that the relator is a judicial officer embraced within the judiciary system of the state, I am of the opinion that the board of estimate and apportionment of the city of New York, under the act of 1907, has the power to fix his salary. In other words, I take it that it was the intention of the Legislature in passing this statute to authorize and empower the board of justices of the Municipal Courts of the city of New York to take the initiative in the matter of the appointment of clerks, stenographers, interpreters, and attendants, by making a recommendation to the board of estimate and apportionment to such effect, on account of the justices being familiar with the wants and needs of their courts, but that the power to actually appoint such persons and fix their salaries was intended to be lodged in the board of estimate and apportionment of the city of New York, and that such power was to be exercised by such board in a reasonable manner and with a due regard to the recommendation of the justices and the requirements of their courts, in order that the justices might properly carry on the business of the courts.

Motion denied.