RICHARD S. BUCK, Plaintiff, *v.* THE CITY OF NEW YORK and Others, Defendants.

Supreme Court, New York County, May 27, 1926.

**Municipal corporations — action to recover from city of New York for expert services rendered committee on transportation facilities of board of estimate and apportionment — plaintiff engaged by said committee as engineer — Greater New York charter, § 56, requiring creation of positions by board of aldermen on recommendation of board of estimate and apportionment not applicable — plaintiff entitled to recover.**

Plaintiff, an engineer employed by the committee on transportation facilities of the board of estimate and apportionment of the city of New York, is entitled to recover for expert services rendered said committee, where the proof shows that his employment was made in good faith, and that the charge for his services was made against the unexpended balance of a duly made appropriation.

Section 56 of the Greater New York charter, which requires the board of aldermen on the recommendation of the board of estimate and apportionment to create positions, has no application to a temporary employment of an expert by the board of estimate and apportionment for its own advice and guidance.

ACTION to recover from the city of New York for expert services rendered to committee on transportation.

*Humes, Buck & Smith [Louis O. Van Doren* of counsel], for the plaintiff.

*George P. Nicholson, Corporation Counsel [Charles Horowitz* of counsel], for the defendant.

PROSKAUER, J. By section 242 of the Greater New York charter (as amd. by Laws of 1905, chap. 629) the board of estimate and apportionment was given exclusive and superior powers with respect to streets. In the discharge of the duties

thus imposed on it, it appointed a committee on transportation facilities, one member of which was its own chief engineer, Mr. Tuttle. It authorized the employment of experts to aid the engineer in advising the committee with respect to the relocation of the New York Central tracks in the city of New York and directed that the expense of the employment of such experts be charged to the balance of a contingent fund which had been appropriated for the use of the chief engineer. Pursuant to this authority, the plaintiff, an engineer, was employed and rendered expert service. Payment for service was refused by the comptroller of the city of New York to him alone of about twelve experts so employed. The only reason assigned for this refusal is that his position had not been created pursuant to section 56 of the charter (as amd. by Laws of 1902, chap. 435) by the board of aldermen. The provisions of that section have no application to a temporary employment of an expert by the board of estimate and apportionment for its own advice and guidance. (See opinion of SEABURY, J., in *People ex rel. Allen* v. *Metz,* 61 Misc. 363.)

The construction contended for by counsel for the comptroller would make it impossible for any department of the city government to employ an expert for temporary service without action of the board of aldermen, and yet it is a matter of common knowledge that for years experts have been employed in litigation by the corporation counsel and for other services by other city departments and no question raised as to the payment of their just compensation when their employment was in good faith and properly charged against the unexpended balance of a duly made appropriation. This practical construction is likewise controlling. (*Grimmer* v. *Tenement House Dept.,* 205 N. Y. 549.)

Verdict directed for plaintiff for $7,344.98 and interest amounting to $804.19, making a total of $8,149.17.