WILLIAM JAY SCHIEFFELIN, Plaintiff, *v.* TIMOTHY A. LEARY and Another, Defendants.

First Department, March 9, 1927.

Municipal corporations — city of New York — Greater New York Charter, § 56, as amended by Local Laws, Nos. 1 and 2 of 1925, does not authorize city to increase salary of Municipal Court justice — provisions of charter apply only to salaries of officers and employees of city government as such — amendments by said Local Laws, in so far as they grant authority to municipal assembly to legislate upon salary of justice of Municipal Court, violate State Constitution, art. 12, § 2, and City Home Rule Law, § 12, subd. 2.

Section 56 of the Greater New York Charter, as amended by Local Laws, Nos· 1 and 2 of 1925, does not confer upon the board of aldermen and the board of estimate and apportionment of the city of New York authority to increase the salary of a justice of the Municipal Court of said city as fixed by section 3 of the New York City Municipal Court Code.

The provision of said section of the Greater New York Charter, as amended, authorizing the fixing of the salary of " every officer or person whose compensation is paid out of the city treasury, irrespective of the amount fixed by this or any other act," applies only to the salaries of officers and employees of the city government as such and is not applicable to a justice of the Municipal Court which is a part of the judicial system of the State.

Moreover, if said section, as amended, confers authority upon the municipal assembly to legislate upon the salary of a Municipal Court justice, either by fixing his salary or by conferring authority upon another body to fix it, it is in violation of section 2 of article 12 of the State Constitution and of subdivision 2 of section 12 of the City Home Rule Law, and is, therefore, unconstitutional and void.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*Leonard M. Wallstein* of counsel [*Ralph M. Frink* with him on the brief; *Leonard M. Wallstein,* attorney], for the plaintiff.

*J. Joseph Lilly* of counsel [*George P. Nicholson, Corporation Counsel*], for the defendants.

MERRELL, J. There is here involved the question as to the power of the board of estimate and apportionment and the board of aldermen of the city of New York to increase the salary of the defendant Leary, as a justice of the Municipal Court of the City of New York in the Sixth District of the borough of Manhattan, from the sum of $9,000 per annum, as fixed by the New York City Municipal Court Code, to the sum of $10,000 per annum. The contention of the plaintiff is that the increase granted the defendant by the board of aldermen of the city of New York upon

the recommendation of its board of estimate and apportionment was without authority and violative of the provisions of the Municipal Court Code defining the salary of a justice of the Municipal Court to be $9,000 a year.

The plaintiff is a citizen and resident of the city and State of New York, residing in the borough of Manhattan, and the owner of property and a taxpayer in said borough and city. The defendant Leary is a duly elected and qualified justice of the Municipal Court of the City of New York in the Sixth District in the borough of Manhattan, having been elected from said district for a term of office beginning January 1, 1920, and expiring on December 31, 1929. The defendant Berry is the comptroller of the city of New York.

Section 56 of the Greater New York Charter confers upon the board of aldermen, upon the recommendation of the board of estimate and apportionment of the city of New York, power to fix the salary of city officials. The parties to the controversy stipulate that the municipal assembly of the city of New York in 1925 enacted Local Law No. 1, amending and superseding section 56 of the Greater New York Charter, as re-enacted by chapter 466 of the Laws of 1901 and acts amendatory thereof and supplemental thereto, so as to read as follows:

" § 56. The power is vested in, and it shall be the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury, irrespective of the amount fixed by this or any other act, other than day laborers, teachers, examiners and members of the supervising staff of the department of education, except that no reduction shall be made in the salary of an elected officer or head of a department during his tenure of office. Salaries need not be uniform throughout the several boroughs, but may in the discretion of the board of estimate and apportionment, be made to consist of two elements: First, remuneration for work done; which shall be the same throughout all the boroughs for positions of like character; second, an additional sum based upon an estimate of the prevailing rentals and expenses of living in the borough where the services rendered are performed, and which may vary in the several boroughs. The board of aldermen may reduce, but may not increase, any salary recommended by the board of estimate and apportionment; but the action of the board of aldermen reducing any salary so recommended shall be subject to the veto power of the mayor, as provided in section forty of this act. In case the board of aldermen shall vote to reduce more than one

salary, the mayor may approve the reduction of one or more salaries, and may disapprove the reduction of others. In such case the reductions he shall approve shall become effective; and as to those which he shall not approve, the recommendations of the board of estimate and apportionment shall become effective, unless the reductions be again passed by a three-fourths vote of the board of aldermen in the manner provided in section forty of this act. All such salaries as now fixed shall continue in force until fixed by the board of aldermen as in this section provided."

And that said municipal assembly, in the same year, enacted Local Law No. 2, as follows:

" Section 1. The power of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix salaries and compensation is hereby extended to include the power to increase, during any fiscal year, the compensation of any officer or person paid out of the treasury of the city of New York. Such increased compensation may be made after such salary or compensation shall have been fixed and provided for in the budget of the city for the fiscal year.

" § 2. This law shall supersede section twenty-five of the General City Law,* being chapter twenty-six of the laws of nineteen hundred and nine, entitled ' An act in relation to cities, constituting chapter twenty-one of the Consolidated Laws ' as last amended by chapter six hundred and four of the laws of nineteen hundred and twenty-three, in so far as such section applies to the city of New York."

Both of these local laws were approved by the mayor of the city of New York on January 3, 1925. The board of estimate and apportionment of the city of New York on May 20, 1926, adopted a resolution modifying the personal service schedules contained in the budget of the city of New York for that year and recommending to the board of aldermen of said city, pursuant to section 56 of the Greater New York Charter, as thus amended, that the personal service schedules of such budget be established effective as of May 1, 1926, so as to appropriate, among other moneys, the sum of $10,000 for the salary of the defendant Leary as a justice of the Municipal Court of the City of New York at the rate of $10,000 per year. The salaries of the Municipal Court justices of the city of New York, including the defendant Leary, are paid from moneys raised by taxation in the city of New York and paid over to the custody of the chamberlain and comptroller of the city and disbursed by them and included in the annual budget of said city. Pursuant to the resolution of the board of

---

* Added by Laws of 1921, chap. 502.— [REP.

estimate and apportionment, as aforesaid, on June 8, 1926, the board of aldermen of the city of New York adopted a resolution fixing the salary of the defendant Leary, as such justice of the Municipal Court, at the sum of $10,000 per annum. The defendant Berry has paid or caused or permitted to be paid from the funds of the city of New York under his control to the defendant Leary, as such justice, a salary at the rate of $10,000 per year since May 1, 1926. It is further stipulated that the budget of the city of New York for 1927, made and adopted by the board of estimate and apportionment of said city and approved by its board of aldermen, appropriated the sum of $10,000 for salary to the defendant Leary, as such justice, for the year 1927, and it is stipulated that such budget containing such appropriation has been or will be certified by the mayor and comptroller and city clerk of the city of New York, and that the defendant Berry will pay or cause or permit to be paid to the defendant Leary out of the funds of the city of New York during the remainder of 1926 and during 1927 salary of such justice at the rate of $10,000 per year, unless restrained by an order of this court, and that unless so restrained the defendant Leary will accept and receive such payments.

The plaintiff, in support of his position, directs attention to the provisions of the Municipal Court Code enacted by the Legislature of the State of New York in 1915, and being chapter 279 of the laws of that year. Section 3 of said act, as amended by chapter 710 of the Laws of 1920, so far as pertinent, provides as follows: " The salary of each justice, except those appointed or elected from the boroughs of Queens and Richmond, shall be nine thousand dollars a year, to be paid in equal monthly installments by the proper officers of the city    *    *    *."

It is the contention of the plaintiff under the foregoing facts that the acts of the board of estimate and apportionment and of the board of aldermen of the city increasing the salary of the defendant Leary in excess of the amount fixed by the Municipal Court Code of the city of New York were illegal and beyond the powers of said municipal bodies, and that by reason thereof the plaintiff is entitled to judgment restraining the defendant Berry, as comptroller of the city of New York, from paying and the defendant Leary from receiving the said increase of said salary out of funds of the city of New York. The defendants deny such contention of the plaintiff and assert that the acts of said board of estimate and apportionment and said board of aldermen increasing the salary of the defendant Leary, as such justice, as above set forth, were within the power of said board of estimate and apportion-

ment and said board of aldermen, and ask judgment dismissing the plaintiff's complaint. The defendants rely upon the amendments to section 56 of the Greater New York Charter, enacted in 1925, as conferring authority to grant such increase. Prior to the enactment of said amendments, section 56 of the Greater New York Charter provided: "* * * Except as in this section otherwise provided it shall be the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury * * * except that no change shall be made in the salary of an elected officer * * * during his tenure of office. * * *" (Laws of 1901, chap. 466, § 56, as amd. by Laws of 1902, chap. 435.)

It seems clear that as the charter provision stood prior to the amendments of 1925 the local authorities would have had no power to change or increase the salary of the defendant Leary. The said defendant occupied an elective office which began January 1, 1920, and is to terminate December 31, 1929. The charter provision expressly provided that no change should be made in the salary of an elective officer during his tenure of office. It has been held that the power of the board of aldermen on the recommendation of the board of estimate and apportionment to fix salaries applied only to the salaries of city officers and employees, and not to the salaries of justices who were an integral part of the judiciary system of the State of New York. There can be no question but what a justice of the Municipal Court of the City of New York is a judicial officer embraced within the judicial system of the State. (*Whitmore* v. *Mayor,* 67 N. Y. 21; *Quinn* v. *Mayor,* 44 How. Pr. 266; affd., 53 N. Y. 627; *People ex rel. Phelps* v. *General Sessions,* 13 Hun, 395.) In the *Whitmore* case, above cited, the plaintiff, a clerk in the District Court of the City of New York for the Third District, brought action to recover the difference between his salary as fixed by chapter 438 of the Laws of 1872 and a lesser sum fixed by the board of estimate and apportionment by resolution adopted by said board pursuant to statute. The city charter (Laws of 1873, chap. 335, § 97) provided that: "The salaries of all officers paid from the city treasury, whose offices now exist but are not embraced in any department, shall be fixed by the board of apportionment."

The Court of Appeals, in a *per curiam* opinion in that case, said (at p. 22):

"We are of the opinion that the act, chapter 335 of the Laws of 1873, authorizing the board of apportionment to fix the salaries of all officers paid from the city treasury, does not include any

but city officers, such as are connected with political organization of the city government.  *  *  *

" The plaintiff is not such an officer, but is a judicial officer, embraced within the judiciary system of the State. [Citing cases.]

" If the Legislature intended to embrace other than strictly city officers, it must be presumed that the statute would have so declared in express terms."

The present Municipal Court of the City of New York is a continuation of what was formerly the District Court of the city. (*Worthington* v. *London, etc., Co.,* 164 N. Y. 81; *Routenberg* v. *Schweitzer,* 165 id. 175.)

It is also clear that as section 56 of the Greater New York Charter existed prior to the amendments of 1925 no power rested in the municipal boards to change the salary of the defendant as a justice of the Municipal Court, his salary having been fixed by the provisions of the Municipal Court Code. (*People ex rel. O'Loughlin* v. *Prendergast,* 219 N. Y. 377; *Matter of Martin* v. *Hylan,* 213 App. Div. 519.) In the case first above cited Judge CARDOZO of the Court of Appeals, writing for that court, said (at p. 381): " It is true that under section 56 of the charter *  *  * the board of aldermen on the recommendation of the board of estimate and apportionment is to fix the salaries of all persons (with enumerated exceptions) whose compensation is paid out of the city treasury. That provision does not apply, however, where the power to prescribe salaries is otherwise prescribed by law. The special statute then becomes an exception to the general one (*Wormser* v. *Brown,* 149 N. Y. 163, 170). We find such a special statute in the act of 1913 (L. 1913, ch. 776). The board of estimate and apportionment has, therefore, no discretion."

It is, therefore, plain that, unless changed by the Local Laws No. 1 and No. 2 of the New York Local Laws of 1925, section 56 of the Greater New York Charter conferred no power in the local authorities to increase the salary of the defendant Leary. It is, however, claimed by the defendants that the power of the municipal boards to grant the increase in question was conferred by the amendments to section 56 of the charter adopted in 1925.

By Local Law No. 1 of the New York Local Laws of 1925 the charter section in question, so far as pertinent, was made to read as follows: " The power is vested in, and it shall be the duty of the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury, irrespective of the amount fixed by this or any other act,  *  *  *." The only changes made in the language of the charter section were the modi-

fication of the exception as to elective officers so as to permit increases, and the granting of power to the board of aldermen, upon the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury, " *irrespective of the amount fixed by this or any other act.*" The statute, as amended, still relates only to the salaries of officers and persons " *whose compensation is paid out of the city treasury.*" It has been frequently held by the courts of this State that the officers referred to as paid out of the city treasury relate only to " *city officers such as are connected with political organization of the city government*" (*Whitmore* v. *Mayor,* 67 N. Y. 21), and that the statute does not relate to a judicial officer embraced within the judiciary system of the State. I think the decisions of the court are as fully applicable to the statutes now as they were when made, and that under the decisions the defendant is not a city officer whose salary could be increased by the board of estimate and apportionment and the board of aldermen of the city. (*Schieffelin* v. *Berry,* 217 App. Div. 451; affd., 243 N. Y. 603; *Halsey* v. *Jewett Dramatic Co.,* 114 App. Div. 420; *People ex rel. Outwater* v. *Green,* 56 N. Y. 466; *Pulitzer* v. *City of New York,* 48 App. Div. 6.) The same applies with equal force to Local Law No. 2 of the New York Local Laws of 1925, relating also to " the compensation of any officer or person paid out of the treasury of the city of New York," and which, as before stated, has been held by the courts to apply only to the salaries of officers and employees of the city government as such.

If the amended charter provision assumes to control the fixation of the salary of the defendant contrary to the Municipal Court Code, such local laws are invalid and beyond the power of the local legislature to enact, and are violative of the provisions of the City Home Rule Law. (*Schieffelin* v. *Berry,* 217 App. Div. 451; affd., 243 N. Y. 603.) Section 3 of article 12 of the Constitution of the State of New York, as adopted in 1923, among other things, provides that: " Every city shall have power to adopt and amend local laws * * * relating to the * * * compensation of all officers and employees of the city * * *."

Section 2 of the same article provides as follows: " The Legislature shall not pass any law relating to the property, affairs or government of cities, which shall be special or local either in its terms or in its effect, but shall act in relation to the property, affairs or government of any city only by general laws which shall in terms and in effect apply alike to all cities * * *."

Section 11 of the City Home Rule Law, enacted pursuant to the mandate of section 3 of article 12 of the amended Constitution,

provides that: " The local legislative body of a city shall have power to adopt and amend local laws in relation to the property, affairs or government of the city relating to the   *   *   *   compensation of all officers and employees of the city   *   *   *."

Subdivision 2 of section 12 of the City Home Rule Law provides that: " No local law shall supersede   *   *   *   any provision of an act of the Legislature which provision relates to matters other than the property, affairs or government of cities, whether in terms and in effect applying alike to all cities or not,   *   *   *." (See, also, Laws of 1925, chap. 397, since amdg. said § 12.)

Certain it is that the increase of salary of the defendant Leary from $9,000 to $10,000 per annum relates " to matters other than the property, affairs or government " of the city of New York, and relates to matters over which the city boards have no control. Neither the amendment nor the law confers any authority upon the municipal assembly to legislate upon the salary of the defendant, either by fixing his salary or by conferring authority upon another body to fix it. I am of the opinion, therefore, that, in so far as Local Law No. 1 of the New York Local Laws of 1925 purports to grant such authority, the amendment is, for the reasons stated, invalid and void. The Municipal Court Code clearly relates to a branch of the judicial system of the State of New York. It has nothing to do with the property, affairs or government of the city. While it is true, charter section 56 is made to apply to the fixation of the salary of every officer or person whose compensation is paid out of the city treasury, the courts have, nevertheless, repeatedly held as above stated that payment of an officer from the city treasury did not, of itself, make him a city officer. The judicial duties which the defendant was called upon to perform and his position in the judicial system of the State must determine his status as an officer.

I am, therefore, of the opinion that section 56 of the Greater New York Charter, prior to its amendment in 1925, conferred no power upon the board of aldermen and the board of estimate and apportionment to increase the salary of a justice of the Municipal Court, and that the amendment of the said charter provision by the local laws adopted in 1925 did not confer any additional power upon said boards with reference to the salary of the defendant Leary.

The defendant Berry, his deputies and agents, should, therefore, be restrained from paying or causing or permitting to be paid to the defendant Leary, out of the funds of the city of New York, any salary, as such justice of the Municipal Court, for the years 1926 and 1927, or any part thereof, at a rate in excess of $9,000 per year; and the defendant Leary should be enjoined and restrained

from accepting and receiving, out of the funds of the said city, any salary, as justice of the Municipal Court of the City of New York, for said years, or any part thereof, at a rate exceeding $9,000 per year.

Judgment is, therefore, ordered in favor of the plaintiff, granting the plaintiff the relief sought, together with the taxable costs and disbursements of the action, to be paid by the defendants.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Judgment ordered in favor of plaintiff for the relief sought, with costs.   Settle order on notice.