SAUERBRUNN v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. MUNICIPAL CORPORATIONS (§ 218*)—OFFICERS—SALARIES—POWER TO FIX.
    Greater New York Charter (Laws 1901, c. 466) § 56, conferring on the board of aldermen the power to fix salaries, authorizes the board to increase or decrease them, and a reduction of the salary of an architectural draughtsman in the bureau of buildings in the board of education does not amount to his removal in violation of section 1101, providing for the retention of a position by an employé except under specified conditions, though the civil service commissioners had previously graded the position of architectural draughtsman, but without establishing a grade including the position of the incumbent, especially since the grades, though including the incumbent, had been abolished.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. § 218.*]

2. STIPULATIONS (§ 14*)—CONSTRUCTION.
    Where, in an action begun April 24, 1911, by an employé of a city to recover the difference for six years between the salary paid him and the salary fixed by resolution of the board of aldermen of the city, the parties stipulated that salaries of employés were payable on the last of each month, the employé could recover for the entire month of April, 1905.
    [Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

Appeal from Trial Term, New York County.

Action by Arthur B. J. Sauerbrunn against the Board of Education of the City of New York. From a judgment entered on a di-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rected verdict, and from an order denying a new trial, both parties appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

John E. O'Brien, of New York City, for appellant.
Charles McIntyre, of New York City, for respondent.

McLAUGHLIN, J. Since some time prior to the 9th of June, 1903, the plaintiff has occupied the position of architectural draughtsman in the bureau of buildings in the board of education of the city of New York. On that date a resolution of the board of aldermen of the city went into effect fixing the salary "for the position of architectural draughtsmen at $45 a week," but on the 30th of the same month another resolution was passed fixing such salary at $35 a week. Plaintiff claims that notwithstanding the resolution of June 30th, he was entitled to receive the amount stated in the resolution of June 9th— that is, $45 per week—and here seeks to recover the difference for six years immediately prior to the commencement of the action between that sum and what he was paid. The action was commenced on April 24, 1911. Between April 1, 1905, and January 9, 1906, plaintiff received $30 per week, and since then $35 per week. Defendant admits for a period of six years immediately prior to the commencement of the action a liability for the difference between the amount paid and the amount as fixed in the resolution of June 30th— $35 per week. The amount of the unpaid salary admitted by the defendant is $185.83. The interest thereon is $72.40, making in all $258.23, and for that sum a verdict in favor of plaintiff was directed.

The plaintiff appeals, claiming he was entitled to receive the difference, together with the interest thereon, between what was paid and $45 per week. The defendant appeals on the ground that the plaintiff was entitled to interest only from the date of the filing of notice of claim with the comptroller.

The question raised by the defendant's appeal was settled adversely to its contention by a recent decision of this court. Smith v. Board of Education, 135 N. Y. Supp. 1143.

[1] The principal question presented by the plaintiff's appeal is whether the board of aldermen had the power to reduce the salary from $45 to $35 per week by the resolution of June 30, 1903. Section 56 of the Greater New York charter conferred upon the board of aldermen the power to fix salaries. Such power plainly contemplated that the board might fix the salaries, either by an increase or decrease. Counsel for plaintiff, however, urges that a reduction of his salary by the resolution of June 30th, if such effect be given to it, amounted to a removal from his position by placing him in a lower position than the one theretofore held; that this could not be done, except in violation of section 1101 of the Greater New York Charter, which provides for the retention of a position by an employé except under certain conditions, which are not here applicable.

Prior to the passage of either resolution, the civil service com-

mission had "graded the position of architectural draughtsman according to annual compensation." Thirteen grades were made dependent upon the amount of annual compensation received. But the rate of compensation fixed by the resolutions of the board of aldermen did not place the plaintiff in any of the grades which the proof shows the civil service commission established. The $35 a week rate would have amounted to $1,820 annually, and the $45 a week rate to $2,340 annually. No such grade or position was shown to have been established, and, if so, it would seem to be unavailing to the plaintiff, because, in December, 1903, the grades of position of architectural draughtsmen were abolished. Once the grades were abolished, even though it be conceded that the plaintiff's position theretofore came within one of the established grades, and that his salary could not, while such grades existed, be reduced, then the resolution applied. The resolution of June 30th unquestionably reduced the plaintiff's salary from $45 to $35 a week. People ex rel. Stokes v. Tully, 108 App. Div. 345, 95 N. Y. Supp. 916, 1153. The board of aldermen had as much power to diminish salaries as to increase them. Buckbee v. Board of Education, 115 App. Div. 366, 100 N. Y. Supp. 943, affirmed 187 N. Y. 544, 80 N. E. 1106.

[2] Plaintiff's counsel also urges that the verdict was inadequate, in that he was only permitted to recover for six years immediately prior to the commencement of the action—that is, from April 24, 1905—his claim being that he should have been permitted to recover from April 1, 1905, because the salary for April was not payable until the last of that month. It was stipulated at the trial that the salaries of the defendant's employés were "payable on the last day of each month." Under the stipulation, therefore, the plaintiff should have been permitted to recover for the entire month of April, and, if he had, the recovery would have been $282.37, instead of $258.23. In the brief presented by defendant's counsel it is conceded that, if the plaintiff is in a position to raise the question, the court has the power to increase the judgment to this extent. Plaintiff is in a position to raise the question, and the judgment should, therefore, be increased to that extent.

The judgment is modified by increasing the amount of plaintiff's damage from $258.23 to $282.37, and, as thus modified, affirmed without costs to either party. All concur.