EDMOND J. DIXON, Respondent, *v.* FIORELLO H.
LAGUARDIA, as Mayor of the City of New York, et al.,
Appellants.

MUNICIPAL COURT CLERKS ASSOCIATION OF THE CITY
OF NEW YORK, Respondent.

Argued February 21, 1938; decided February 28, 1938.

*William C. Chanler, Corporation Counsel* (*William S. Gaud, Jr.,* of counsel), for appellants. Each step required to be taken by the Board of Estimate and Apportionment in making a budget must be taken by a resolution which cannot be passed at the same meeting at which it is originally presented unless it receives twelve affirmative votes. (*People ex rel. Tyng* v. *Prendergast,* 164 N. Y. Supp. 1042; 178 App. Div. 895; 221 N. Y. 659; *Lazinsk* v. *City of New York,* 163 App. Div. 432; *People ex rel. Hatch* v. *Reardon,* 184 N. Y. 431; *Kirk* v. *McGuire,* 32 Misc. Rep. 596; *Wittmer* v. *City of New York,* 50 App. Div. 482; *Matter of City of Long Beach* v. *Public Service Comm.,* 249 N. Y. 480; *Matter of City of Buffalo,* 78 N. Y. 362; *Matter of South Market Street,* 76 Hun, 85; *City of Albany* v. *Goodman,* 203 App. Div. 530; *Matter of Douglass,* 46 N. Y. 42.) No valid budget fixing the salary of petitioner's position at $4,000 was ever adopted. (*Matter of Stickney,* 110 App. Div. 294; 185 N. Y. 107; *Matter of City of Buffalo,* 78 N. Y. 362; *People* v. *Tremaine,* 252 N. Y. 27; *Matter of City of Buffalo,* 78 N. Y. 362.) The Board of Estimate and the Council validly adopted a budget in January, 1938, which fixed the salary of the position held by the petitioner at $3,000 a year. (*Matter of Ottinger* v. *Voorhis,* 241 N. Y. 49; *Kirk* v. *McGuire,* 32 Misc. Rep. 596; *People ex rel. Carter* v. *Rice,* 135 N. Y. 473; *Juliand* v. *Rathbone,* 39 N. Y. 369; *Looey* v. *Hughes,* 26 N. Y. 514; *Matter of City of Buffalo,* 78 N. Y. 362.) The salary attached to the position held by the petitioner was on January 3, 1938, validly reduced to $3,000 a year under section 68 of the new charter. (*Thoma* v. *City of New York,* 263 N. Y. 402; *Buckbee* v. *Board of Education,* 115 App. Div. 366; 187 N. Y. 544; *Sauerbrunn* v. *Board of Education,* 150 App. Div. 407; 208 N. Y. 550; *Matter of Rudd* v. *Cropsey,* 159 App. Div.

275; *Matter of Hurlburt*, 88 Misc. Rep. 679; 169 App. Div. 958; *Matter of Edkins* v. *Wotherspoon*, 173 App. Div. 330; *People ex rel. Kaufman* v. *Board of Education*, 166 App. Div. 58; *Matter of Spawn* v. *Fleming*, 208 App. Div. 582.)

*Alfred J. Talley* for Edmond J. Dixon, respondent. All legal requirements were followed by the Board of Estimate and Apportionment in the preparation, making and adoption of the 1938 budget prior to December 25, 1937. (New York Charter [L. 1901, ch. 466], as amd. by Local Law No. 11, 1933, §§ 226-b, 226-c.) In the process of making the budget the Board of Estimate and Apportionment acted under the provisions of section 226-C and a majority vote was sufficient. (*Schieffelin* v. *Hylan*, 236 N. Y. 254; *People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431.)

*Gabriel L. Kaplan* and *Sidney A. Fine* for Municipal Court Clerks Association of the City of New York, respondent. The Board of Estimate and Apportionment between October 2 and October 29, 1937, made a legal expense budget for the city of New York for the year 1938. (*People ex rel. Collins* v. *Ahearn*, 120 App. Div. 95.) The provisions of sections 67 and 68 of the New York City Charter are not pertinent. (*People ex rel. Tyng* v. *Prendergast*, 164 N. Y. Supp. 1042; *Thoma* v. *City of New York*, 263 N. Y. 402.)

O'BRIEN, J. Petitioner is an assistant clerk of the Municipal Court of the city of New York. His salary had been duly fixed at the rate of $4,000 per annum from and after July 1, 1937. On October 6, 1937, the Board of Estimate and Apportionment adopted, as the tentative budget for the year 1938, the executive budget which had been submitted by the Mayor. That budget showed in detail the items allowed to the Municipal Court. Public hearings were held on October 13 and October 14. At the hearing on October 13 a representative of clerks

and deputy and assistant clerks of the Municipal Court requested that salaries be restored to $4,000. On October 19 the Board met in executive session and, on motion of the Comptroller, voted, eleven in the affirmative, to increase the appropriation to the Municipal Court in the sum of $149,890 by restoring the salaries received on July 1, 1937. The next day, October 20, the Deputy and Acting Comptroller moved that the tentative budget as adopted on October 6, 1937, *which has since been considered in executive session* by the members of the Board of Estimate and Apportionment, be amended and that resolution was adopted by a vote of ten to six. If this resolution of October 20 was *originally* presented at the meeting of October 20, it failed of passage, for section 226-â, Greater New York Charter (Laws of 1901, ch. 466), as amended by Local Law No. 11 for the year 1933, was then in effect, and provided: " No resolution or amendment of any resolution shall be passed at the same meeting at which it is *originally* presented unless twelve votes shall be cast for its adoption." It was adopted by a majority vote, but failed to obtain the twelve votes required for the adoption of a resolution originally presented. The form of the resolution and the minutes of the meeting of October 20 show that the subject of this resolution had been presented, considered and approved at previous meetings. When the Deputy and Acting Comptroller introduced the resolution of October 20 he stated, " I move that the *amendments* made in the tentative budget *as approved at the executive sessions,* be hereby approved." The minutes record the following proceedings: " Mayor: The Deputy Comptroller moves that *all amendments* approved by the Committee of the Whole, and submitted to the Board of Estimate and Apportionment be approved *en bloc* by one vote. Is a separate vote requested by any member? Pres. Lyons: That means *all the changes.* Mayor: *All en bloc* and one vote. Act. Pres. Halleran: The complete budget. Mayor: *All the amendments that you made* in committee. Call

the roll." The use of the words "Committee of the Whole" and "committee" was an unintentional error for the "Board in Executive Session." The fact that the presentation, consideration and approval of the amendments made in the tentative budget had originally occurred at an executive session of the board does not affect the validity of the resolution of October 20. Section 226-c of the Greater New York Charter, as amended by Local Law No. 11 of the year 1933, provides that "the board shall meet in executive session and consider such budget." At the meetings prior to October 20 the amendments had been originally presented. The purpose of the requirement of twelve votes in favor of a resolution passed at the same meeting at which it is originally presented is to prevent hasty action and to provide for adequate consideration. The amendments effected by the resolution of October 20 having been presented and considered at previous meetings, the object of section 226-a has been accomplished. Neither does the fact that the evidence fails to demonstrate that the action of the Board in executive session was reflected in the rigid form of language containing the precise word "resolution" or "be it resolved" constitute a violation of that part of section 226-a which provides: "Except as otherwise specifically provided, every act of the board of estimate and apportionment shall be by resolution." There is substantial compliance with the statute when a motion is made and carried and entered upon the minutes.

The conclusion follows that the budget adopted prior to December 25, 1937, is valid as the budget for the year 1938.

A point raised by appellants in their brief is, we think, not properly presented by this record. They argue that, assuming that salaries were lawfully fixed in the budget of October, 1937, they were validly reduced on January 3, 1938, under section 68 of the new charter, and that under this section the Board of Estimate, even after the adoption of a budget, possesses the power to

reduce salaries paid from the city treasury. This is the language of section 68: " The board of estimate may at any time, subject to the provisions of this charter and of the civil service law and except as otherwise provided by statute, create, abolish or modify positions and grades of persons paid from the city treasury." Assuming such a power to exist, and on this record we express no opinion at present, the resolution adopted by the Board of Estimate on January 3, 1938, was not adopted in pursuance of section 68 of the new charter. The language of this resolution demonstrates that, instead of exercising any such power as may be conferred by that section, the Board attempted, pursuant to section 226 of the Greater New York Charter and section 952 of the New York City Charter (effective January 1, 1938), to adopt, as the proposed budget for 1938, the tentative budget as adopted October 6, 1937. We think, therefore, that the effect of section 68 of the new charter is not before us.

The order should be affirmed, without costs.

FINCH, J. (dissenting). Assuming, as held in the opinion of Judge O'BRIEN, that the budget adopted prior to December 25, 1937, is a valid budget, I am unable to agree that that disposes of this appeal or disposes of what has been the issue between the parties ever since the 19th day of October, 1937. On that day, at a meeting of the Board of Estimate in executive session, by a majority vote, the salary of petitioner and of many others was raised. This involved a salary increase of over $800,000. The Mayor of the city duly moved to strike out these increases, the motion was lost, and thereafter the various steps necessary in the making of the budget were taken from time to time over the objection of the Mayor, by the same majority vote. This same issue of the increase of these salaries came before a meeting of the Board of Estimate on January 3, 1938. At that meeting the Mayor offered a resolution reducing these salaries to the amount originally fixed in the tentative

budget. This resolution was entitled "Establishment of Positions and Fixation of Salaries," and reduced the salary to that in the tentative budget of every person affected by this controversy. It is true that at the same meeting of the Board of Estimate on January 3, 1938, resolutions were likewise passed adopting the tentative budget of October 6, 1937, as the final budget for 1938. Even if it is held that the vote adopting the budget on January 3, 1938, was ineffective for the reason that the budget adopted prior to December 25, 1937, was the budget for the year 1938, I am still unable to see why the resolution reducing these salaries is not valid if the city of New York has the power under the new charter to reduce at any time a salary paid out of the city treasury.

Let us see whether the city of New York was given such power under the new charter. Under the Greater New York Charter, now called the old charter, the Board of Estimate had the power (with certain exceptions not here material) to fix the salary of every person whose compensation was paid from the city treasury (Greater New York Charter, § 56). This power has been continued in section 67 of the new charter. Whether under the old charter this power to fix salaries could be exercised only in connection with the adoption of a new budget (Cf. *Thoma* v. *City of New York*, 263 N. Y. 402; *Buckbee* v. *Board of Education*, 115 App. Div. 366; affd., 187 N. Y. 544; *Sauerbrunn* v. *Board of Education*, 150 App. Div. 407; affd., 208 N. Y. 550), it is unnecessary for us to consider for the reason that under the new charter power has been given to the city to reduce the salary of any person at any time (with certain exceptions not here material). Such is the express language:

" Creating, abolishing or modifying positions and grades. § 68. The board of estimate may at any time, subject to the provisions of this charter and of the civil service law and except as otherwise provided by statute, create, abolish or modify positions and grades of persons paid from the city treasury."

In addition to the power to create and abolish positions, the city is given the power to modify, which necessarily includes change or modification of salaries. Such power to reduce salaries at any time, and unconnected with the making of a budget, was given by the State Legislature to the city in the emergency of the 1929 depression. Section 68 of the new charter merely eliminates the necessity of the city applying to the Legislature for an enabling act. It is reasonable and natural for the city to possess such power to accompany the responsibility to provide the funds necessary to run the city and maintain its financial stability. Not only has the city the power to regulate salaries at any time (provided the total amount of the budget is not exceeded), but it may even transfer appropriations at any time during the fiscal year. (New Charter, § 127.)

The power of the city to act under section 68 of the new charter has been raised at Special Term and in the briefs upon appeal, and should now be considered.

The order appealed from should be reversed and the petition dismissed.

CRANE, Ch. J., LEHMAN, LOUGHRAN and RIPPEY, JJ., concur with O'BRIEN, J.; FINCH, J., dissents in opinion; HUBBS, J., taking no part.

Order affirmed.