In the Matter of the Application of WILLIAM T. RUSHFORD and Others, Petitioners, against FIORELLO H. LAGUARDIA, as Mayor of the City of New York, and Others, Respondents.*

Supreme Court, Special Term, New York County, September 10, 1938.

*Saypol & Kotler* [*Irving H. Saypol* and *Leo Kotler* of counsel], for the petitioners.'

*William C. Chanler,* Corporation Counsel [*William S. Gaud* and *Charles F. Murphy* of counsel], for the respondents.

SCHMUCK, J. The petitioners hereby seek to compel the respondents to pay them the salary fixed in the budget of the city of New York which has been declared by the Court of Appeals to be the valid budget for the year 1938. (*Dixon* v. *LaGuardia,* 277 N. Y. 84.)

* Modfd. and affd., 255 App. Div. 597.

The respondents resist on the ground that they, in the exercise of authority vested in them by sections 67 and 68 of New York City Charter, were empowered to act as they did.

By virtue of the budget adopted before December 25, 1937, the salaries of the petitioners were fixed at $3,240 annually. After the formation of the new board of estimate on January 3, 1938, a new budget was sought to be adopted whereby the salaries of petitioners were reduced to $2,000 annually. This budget was adjudged by Mr. Justice McGeehan to be abortive (*Dixon* v. *LaGuardia*, 166 Misc. 889) and his determination was approved by the Appellate Division (253 App. Div. 881) and the Court of Appeals. In consequence of his decision the petitioners, as clerks to the justices of the Municipal Court of the City of New York, were entitled to be paid and did receive remuneration at the rate of $3,240 annually. They were thus paid until March 15, 1938, when, by virtue of a resolution of the board of estimate, effectuated on February 28, 1938, they were paid at the rate of $1,200 annually. This drastic reduction in salary is sought to be justified on the ground that sections 67 and 68 of the New York City Charter give to the board of estimate the authority to modify the salary of public officials situated as are these petitioners.

In view of the unequivocal pronouncement of *Dixon* v. *LaGuardia* (277 N. Y. 84), no credence can be given this contention. In that controlling authority we find the following language (p. 89): " The conclusion follows that the budget adopted prior to December 25, 1937, is valid as the budget for the year 1938." As the opinion of Mr. Justice McGeehan is studied, it seems clear that so far as these petitioners are concerned their salary was fixed for the year 1938 and the first half of 1939 by the budget adopted before December 25, 1937, and that no authority vested in the board of estimate discoverable in any of the provisions of the Greater New York Charter was of any avail to modify or alter the budget. As further research is pursued, the affirmance of Mr. Justice McGeehan's holding by the Appellate Division and the Court of Appeals fortifies the conclusion that the attempted exercise of power by the board of estimate under the egis of sections 67 and 68 of the New York City Charter is void.

To uphold the contention of the respondents that, by virtue of sections 67 and 68 of the charter, they are authorized, regardless of any financial stringency of the city, to dispose of any position specified in a duly-adopted budget or decrease or increase the salary of any official who is wholly paid out of the city treasury, would make a meaningless travesty of the sections of the charter relevant to the adoption of a budget. Sections 67 and 68, like all others of

the sections, must be read and interpreted in connection with all the provisions of the charter governing the adoption of a budget. This being so, consideration of sections 111 to 129, inclusive; and section 952 of the charter instantly rebuts any such power in the board of estimate by virtue of sections 67 and 68 as is contended for by the respondents. The more rational and logical view of these sections would seem to indicate that the power vested in the respondents by section 67, which is so to speak a carry over of section 56 of the old charter, is to be exercised only in connection with the adoption of a budget (*Thoma* v. *City of New York*, 263 N. Y. 402) and that the right given by section 68 to create, abolish or modify positions in the city service must likewise be exercised only in connection with the adoption of the budget. To do otherwise would destroy and defeat the safeguards provided for the making and preparation of the budget (§§ 111–126); would deprive the taxpayer of the opportunity to be heard, and would effectively interfere with the powers of the council of the city of New York of reducing any salaries fixed by the board of estimate, a right which indisputably resides in the council by virtue of express charter provisions. If the argument of respondents is taken at face value, the board of estimate, under the cloak of creating, abolishing or modifying positions, could in the instance before the court have just as easily fixed the salary for the positions occupied by petitioners at one dollar annually. This of course is abhorrent and repulsive to common sense and the American ideal of government. True it is that a situation can be conceived where the exercise of power as is here attempted might be justified. As was said in the dissenting opinion in *Dixon* v. *LaGuardia* (277 N. Y. 84): "Such power to reduce salaries at any time, and unconnected with the making of a budget, was given by the State Legislature to the city in the emergency of the 1929 depression. Section 68 of the new charter merely eliminates the necessity of the city applying to the Legislature for an enabling act." But no consolation can be taken from that judicial declaration for no depression existed at the time the respondents took the action occasioning this application, as is attested by the resolution itself whereby in many of the city departments appropriations and salaries were increased. It follows, therefore, that for the reasons stated, and in view of the fact that the board of estimate is an administrative and not a legislative body, the resolution of February 28, 1938, must be held to be unlawful and void.

The further argument of respondents that if the result announced be the determination of the court eleven of the petitioners cannot take advantage thereof because seven of them were appointed at a salary of $2,000 and four of them at a salary of $1,200 meets

with similar disfavor. Assuming as we must that petitioners are judicial officers, the resolution of February 28, 1938, could not affect them (*Whitmore* v. *Mayor*, 67 N. Y. 21; *Schieffelin* v. *Leary*, 219 App. Div. 660), and the only measure of their compensation is to be found in the budget adopted prior to December 25, 1937.

The final argument, that because a number of the petitioners failed to protest certain salary payments they are not entitled to relief as regards such payments is approved on the authority of *Quayle* v. *City of New York* (278 N. Y. 19). Motion granted as hereinbefore indicated. Settle order.