In the Matter of the Application of JOSEPH O'CONNOR, Petitioner, for an Order against PAUL KERN and Others, as Commissioners Constituting the Municipal Civil Service Commission of the City of New York, and Others, Respondents.

Supreme Court, Special Term, New York County, June 5, 1939.

*Roy P. Monahan [James F. Sharkey* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel [Samuel J. Silverman* of counsel], for the respondents.

LEVY, J. Petitioner seeks an order under article 78 of the Civil Practice Act, commanding the municipal civil service commission to restore the title of his position, the former rate of compensation, and the earned salary which has been withheld from him since July 16, 1938, by reason of the alleged unlawful reduction. He was employed in the operation of sludge boats in connection with the sewage disposal plant at Ward's Island, as a marine oiler on an eight-hour day without maintenance. The position is analogous to those existing in the ferry service.

On June 9, 1938, the department of public works in charge of the service was required by maritime regulation to carry twenty-four-hour crews and to maintain them virtually in the same manner as on seagoing vessels operating from the harbor of New York. The board of estimate, upon the recommendation of the department, established a deep-sea sludge operation service and required the crews to live on board the vessels and receive food from the city. Likewise the deckhand at $1,800 per annum became able-bodied seaman at $125 per month, and the marine oiler at $2,190 per annum became oiler (marine) at $115 per month. Full maintenance was added to these compensations. Petitioner accepted the new title under protest. He, however, was placed on a preferred list as upon the abolition of his former position. In fact, in the accompanying proceeding, herewith decided, petitioner Hill has been restored to a position as deckhand in the day service at his former salary.

The petitioner contends that the changes of title were illegal, that he continued to perform the same duties, and that he is entitled to a restoration of the rate of compensation and the intervening salary reduction.

There seems no doubt that the reorganization of the sludge boat service was accomplished in good faith, and that the change of titles might also be justified. On the other hand, if the petitioner was performing the same service under the new title, the reduction of pay in the middle of the budgetary period is unwarranted. (*Matter of Rushford* v. *LaGuardia*, 169 Misc. 581; modfd., 255 App. Div. 597; affd., 280 N. Y. 217, 846, as to some of the petitioners, but affirmed as to the principle involved.)

While he was appointed early in 1938, the appointment was in accordance with the authority conferred by the budget. The limitations contained in the *Rushford* modification, therefore, have no application here. The question whether the petitioner performed the same duties after the reorganization of the service is one involving some issue of fact, as well as does the measure of his compensation with maintenance in the reorganized service in comparison with the remuneration originally fixed.

As already observed, since the initiation of the proceeding petitioner Hill has been restored to his original position as deckhand on an eight-hour basis. Ord'inarily, he might be relegated to an action to recover the intervening pay reductions. Since, however, the three petitions may be tried together, the issues raised in his application may be considered in connection with the two others, but limited to the amount of money alleged to have been illegally withheld.

The motions are granted to the extent of permitting a trial of the issues as indicated. Settle order.