Ellis J. Staley, Jr., J.
In this article 78 proceeding the petitioner, Thomas J. Donnelly, individually and as Comptroller of the City of Cohoes, seeks an order directing the respondents, constituting the Common Council, Mayor, and City Clerk of the City of Cohoes to forthwith convene as the Common Council of the City of Cohoes and adopt without change the annual estimate of revenues and expenditures as prepared by the Board of Estimate and Apportionment of the City of Cohoes which was submitted to the said Common Council on the 25th day of January, 1966.
The City of Cohoes is a municipal corporation governed by and pursuant to a charter granted by chapter 130 of the Laws of 1915. Section 93 of the charter provides that the fiscal year of the city shall commence on the 1st day of January. The Board of Estimate and Apportionment is required, by section 95 of the charter, to make an itemized statement, in writing, of the estimated revenues and expenditures of the city for the fiscal year, known as its annual estimate, within 30 days after the commencement of each fiscal year and, when completed, submit the same in final form to the Common Council.
At a regular meeting of the Common Council of the City of Cohoes, held on the 25th day of January, 1966, the Board of Estimate and Apportionment, pursuant to section 95 of the charter, submitted its annual estimate for the year 1966 to the Common Council. The Common Council, at this same meeting, by ordinance scheduled a public hearing pursuant to section 95 of the city charter on the annual estimate setting the date of the hearing as the 15th day of February, 1966. The public hearing on the annual estimate was held on the 15th day of February,, 1966 as provided by said ordinance.
On the 21st day of February, 1966, the respondents, Emma A. Shea, Albert J. Shawinski, James E. Daley and' Frank Rourke^ *789 pursuant to section 28 of the city charter, called a special meeting of the Common Council to be held on the 21st day of February, 1966. At this meeting, Alderman Rourke introduced a “ Resolution Amending and Adopting the Annual Estimate of the Board of Estimate and Apportionment for the Year of 1966. ’ ’ This resolution was approved by a vote of four ‘ ‘ aye ’ ’, one “nay” and one abstention.
At this same meeting, Alderman Rourke introduced “ An Ordinance Levying the City Taxes for the Year 1966 and Directing the Clerk to Extend and Apportion Said Taxes. ” This ordinance was then tabled. At the regular meeting of the Common Council held on the 22nd day of February, 1966, Alderman Rourke reintroduced the above resolution which was then approved by a vote of 4 to 2. At this same meeting, Aider-man Rourke introduced an “ Ordinance Appropriating Funds for the Various Departments, Offices, Bureaus, Boards and Courts of the City of Cohoes for 1966. ” This ordinance provided : “ Section 1. The Moneys set forth in the Annual Estimate as amended by resolution entitled 1 Resolution Amending and Adopting the Annual Estimate for 1966 ’ [resolution dated February 21, 1966] for the various departments, boards, bureaus, offices, Courts and other specific purposes as set forth in said resolution be, and they hereby are, appropriated. ” This ordinance was passed by a vote of four to none. Thereafter, Alderman Rourke reintroduced the ordinance tabled on February 21, 1966 levying the city taxes for the year 1966. This ordinance was passed by a vote of 4 to 2.
At a special meeting of the Common Council held on the 23d day of February, 1966, Alderman Rourke again introduced the ordinance appropriating funds for the various departments of the city. This ordinance was again passed by a vote of 4 to 2. Alderman Rourke then again introduced the ordinance levying the city taxes for the year 1966 and this ordinance was passed by a vote of 4 to 2.
On the 1st day of March, 1966, the respondent Mayor of the City of Cohoes vetoed the foregoing ordinances and resolutions. The petitioner contends that the Common Council cannot amend and adopt the annual estimate of the Board of Estimate and Apportionment by resolution since section 30 of the City Charter requires all legislative acts of the Common Council to be by ordinance and section 31 thereof requires appropriations of money to be by ordinance. He further contends that the adoption by the Common Council of an annual estimate must be by ordinance and the Mayor of the City of Cohoes has the power to veto such an ordinance. It is his further contentions: that, *790 by reason of its political make-up, the Common Council cannot override the Mayor’s veto, a three-fourths vote being required; that, by reason of the Mayor’s veto, the Common Council has not adopted the annual estimate of budget within 30 days after its submission as required by the City Charter and that the Common Council should be directed to adopt as a budget the original estimate submitted to them since this now becomes a ministerial duty.
The respondents, Mayor, City Clerk of the City of Cohoes, and Alderman Curran and Colaruotolo consent to the granting of the order sought in the petition. The respondents, Alderman Shea, Skawinski, Daley and Eourke contend: that the annual estimate for the year 1960 has been legally amended by resolution since the amendment of an annual estimate is an administrative, financial, nonlegislative act; that there is no appropriation when the annual estimate is adopted, the appropriation following naturally and automatically by the entering of the final estimate in the minutes of the Common Council; that the Mayor has no veto power with regard to the adoption of the amended annual estimate; and that this action is prematurely brought.
After providing for a public hearing on the annual estimate, section 95 of the City Charter provides, among other things, as follows: ‘ ‘ After such hearing, and within thirty days after such estimate shall have been submitted to it, the common council shall adopt such estimate so submitted or shall diminish or reject any items therein contained, and adopt said estimate as so amended. ”
Section 96 of the City Charter entitled “ Annual Appropriations ” provides as follows: “ When the common council shall have adopted the final estimate of the board of estimate and apportionment or said estimate as amended by it, the same shall be entered at large in its minutes and become a part of its proceedings. The several sums estimated for expenditure therein shall be and become appropriated in the amounts and for the several departments, oEces and purposes as therein specified for the said fiscal year. ”
Section 31 of said charter provides: “No appropriation of money shall be made for any purpose except by ordinance specifying each item, the amount thereof, and the department or specific purpose for which the appropriation is made. ”
Section 33 of the charter provides: “ If any ordinance presented to the mayor contains several items of appropriation of money or embraces more than one distinct subject, the mayor may approve the provisions relating to one or more items or one or more subjects and disapprove the others. ”
*791 A budget as finally approved and adopted is an appropriation. (Matter of Flaherty v. Craig, 226 N. Y. 76.) The Charter of the City of Cohoes recognizes that the budget is an appropriation. (Cohoes City Charter, § 96.)
Statutory and charter provisions as to the preparation and adoption of the budget must be complied with. (Dixon, v. La Guardia, 166 Misc. 889, affd. 253 App. Div. 881, affd. 277 N. Y. 84.) In construing the charter, it must be read as a whole and in such a manner as to make it harmonious and consistent, if possible. (Matter of Richmond Rys. v. Gilchrist, 225 App. Div. 371.)
Sections 95, 96, 31 and 33 of the city charter above set forth must then be read together in such a way, if possible, to make them harmonious and consistent. A budget is an appropriation containing several items of appropriation of money and, as such, comes within the definition of section 31 requiring all appropriations to be by ordinance. The language of sections 95 and 96 does not specifically provide otherwise. The words adopt and adopted contained in these sections when read as “ approve and finally approved” render said sections equally consistent with sections 31 and 33. When thus read, the charter requires passage of the annual estimate or budget by ordinance which is to be approved by the Mayor and then entered in the minutes of the Common Council before it becomes effective.
The Council has the power and authority to enact such ordinances which must then be approved by the Mayor before they can be considered finally adopted. The fact that the charter provides one further step, incorporation in the minutes of the Council, before the ordinance becomes finally effective, in certain circumstances, does not make the sections inconsistent or enlarge upon the power of the Council.
Since the Mayor is vested with veto power over ordinances, this power may not be taken away by implication, but by express law only. (McQuillin, Municipal Corporations [2d ed.], § 724.)
It is, therefore, the opinion of the court that the adoption of the annual estimate required by the Charter of the City of Cohoes is an appropriation which must be by ordinance enacted by the Common Council and approved by the Mayor before it can be considered as adopted, and that the Mayor has the power, under the charter, to veto such an ordinance. The resolutions passed by the Council must then be considered as an intent to limit the annual appropriations by enacting an ordinance, which they did in subsequently enacting an ordinance appropriating moneys for operation of the city government.
*792 The Mayor, as part of the Council having vetoed the ordinances and resolutions, the Council has not adopted the annual appropriation within the time limited to it by the charter. The time within which the Council might act to override the veto has now expired.
The time to exercise its discretion to reject and diminish items in the budget or annual estimate having otherwise expired, the act of formal adoption of the budget as submitted has become a mere ministerial act, the performance of which may properly be compelled in this proceeding. (Matter of Hushion v. Barker, 253 App. Div. 376.)
The resolutions and ordinances above set forth, having no efficacy, the Common Council of the City of Cohoes is directed to adopt, as a budget, the estimate submitted by the Board of Estimate and Apportionment.
Attorney for petitioner to submit order. No costs allowed.
The cross claims against the respondents, James E. McDonald, Mayor of the City of Cohoes, and Irene C. Rivet, City Clerk of the City of Cohoes, are dismissed.