948

■ In the Matter of the Arbitration between MEDICAL CENTRE FOR WOMEN, Respondent, and JOSEPH J. RICOTTA, Appellant.— Order unanimously affirmed, without costs, upon the opinion at Special Term. (Appeal from order of Erie Special Term confirming award of arbitrators.) Present — Goldman, P. J., Marsh, Witmer, Moule and Cardamone, JJ.

■ In the Matter of ROBER Z. SROGI et al., Individually and as Commissioners of Assessment of Syracuse, Appellants, v. THOMAS J. CAHILL et al., Constituting the Common Council of the City of Syracuse, et al., Respondents.— Judgment unanimously affirmed, without costs. Leave to appeal to the Court of Appeals granted. Memorandum: A city charter, "like any other statute, must be read as a whole and in such a way, if possible, to make it consistent and harmonious." (Matter of Richmond Rys. v. Gilchrist, 225 App. Div. 371, 375.) Section 4-104 of the Charter of the City of Syracuse empowers the council to override a veto of an ordinance by the Mayor, with the only restrictions being the need to act by two-thirds vote and within 30 days of the Mayor's veto. On the other hand, section 6-102 (4) (c) (1) apparently prohibits any action to be taken by the council on the city budget after October 31. The Charter does not specifically provide the Mayor with the power to veto the budget. As held in Matter of Donnelly v. Shea (50 Misc 2d 787, 791, affd. 25 A D 2d 718, affd. 18 N Y 2d 589), "Since the Mayor is vested with veto power of ordinances, this power may not be taken away by implication, but by express law only. (McQuillin, Municipal Corporations [2d ed.], § 724.)" We hold that when the Charter states that the council must take final action on the budget by October 31, the "final action" referred to means that the budget that had previously been presented to it by the Board of Estimate must be adopted as presented or as amended by it. There is no dispute as to the fact that the council did so act on the budget when it passed ordinances 541 and 542 on October 26, 1972. As pointed out by Justice Tenney in Special Term, "So long as the Council fulfilled its obligations within the deadline period (Section 6-104 (4) (c) (1)), its time (to override the Mayor's veto) is extended by Section 4-104(2)." Following the Mayor's veto, filed with the City Clerk at 11:50 P.M. October 31, the council, by a two-thirds majority and at the next regularly scheduled meeting, voted to override the veto and adopt the budget as amended by it on October 26. Special Term correctly dismissed the petition and declared the budget of the City of Syracuse to be that passed by the council on October 26, 1972, which was reconsidered and passed again by a two-thirds vote on November 6, 1972. (Appeal from judgment of Onondaga Special Term in article 78 proceeding concerning city budget.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Henry, JJ. [72 Misc 2d 775.]