ELMER VAN WAGNER et al., Respondents, v HYDE PARK FIRE AND WATER DISTRICT et al., Appellants.—

The Hyde Park Fire and Water District (hereinafter the District), in Dutchess County, New York, established in 1860, is a "district corporation" which possesses the power to contract indebtedness in its own name and to levy taxes (Local Finance Law § 2.00 [3] [c]). On August 3, 1987, the Legislature amended the District's charter to increase its debt limit for capital improvements, and to include three additional parcels of property within its boundaries (L 1987, chs 650, 651). The plaintiffs, 16 individual and corporate property owners who reside within the boundaries of the newly expanded district, thereafter commenced this action alleging, *inter alia,* that the increase in size and debt limit effectuated by Laws of 1987 (chs 650, 651) contravened the provisions of NY Constitution, article VIII, § 3. The defendants subsequently moved for summary judgment dismissing the complaint, but the Supreme Court denied their motion and granted judgment in favor of the plaintiffs upon the ground that Laws of 1987 (chs 650, 651) increased the powers and territorial jurisdiction of the District to such a degree as to constitute the establishment or creation

of a new water district in violation of NY Constitution, article VIII, § 3. We disagree.

As all of the plaintiffs allege that they have been adversely affected by the increase in the District's debt limit, and as three of the plaintiffs have been directly affected by the boundary expansion which caused the inclusion of their property within the District, the Supreme Court correctly determined that the plaintiffs have standing to challenge the constitutionality of both provisions *(see, Town of Islip v Cuomo,* 147 AD2d 56).

It is well established that "Legislative enactments carry an exceedingly strong presumption of constitutionality, and while this presumption is rebuttable, one undertaking that task carries a heavy burden of demonstrating unconstitutionality beyond a reasonable doubt" *(Elmwood-Utica Houses v Buffalo Sewer Auth.,* 65 NY2d 489, 495; *see also, Tilles Inv. Co. v Town of Huntington,* 74 NY2d 885). Upon our review of the record, we conclude that the plaintiffs have not met this burden. NY Constitution, article VIII, § 3 does not expressly prohibit any expansion of a preexisting district's boundaries, and the inclusion within the District of three additional parcels of property is not an expansion of such magnitude as to constitute an act of creation *(cf., City of Rye v Metropolitan Transp. Auth.,* 24 NY2d 627). Moreover, the increase in the District's existing debt limit did not constitute the granting of a new corporate power *(cf., City of Rye v Metropolitan Transp. Auth., supra).* Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.