■ PAUL F. ECKELMAN et al., Respondents, v MARGARET ANDERSON et al., Defendants, and ELMER VAN WAGNER, Intervenor-Appellant.—In an action for a judgment declaring that the Hyde Park Fire and Water District is exempt from the provisions of Local Finance Law § 102.00, the intervenor appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Dutchess County (Benson, J.), entered July 1, 1991, which, *inter alia,* granted the plaintiffs' cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiffs-respondents.

The intervenor, who was granted leave to intervene by prior order of this court, contends that the Supreme Court erred in determining that the provisions of Local Finance Law § 102.00 do not apply to the plaintiff, the Hyde Park Fire and Water District (hereinafter the District). We disagree. The intervenor premises his contention upon the proposition that the terms "fire district" and "district corporation", as used in the Local Finance Law § 102.00 (see, e.g., Local Finance Law §§ 2.00, 102.00) are mutually exclusive. This proposition is erroneous.

Local Finance Law § 2.00 (3) provides that "[t]he term 'district-corporation' " includes "(a) A fire district". Hence the term " 'district corporation' " can include within its meaning a fire district. However, Local Finance Law § 102.00 (a) defines the term district corporation *"[a]s used in this section * * ** [to] mean any district corporation other than a fire district" (emphasis added).

Local Finance Law § 102.00 (b) and (c) require any district corporation, "as defined in paragraph a of this section", to secure, prior to contracting indebtedness, the consent of the municipality in which it is located. Although the District's charter declares it to be a "district corporation", the District does not fall within the purview of Local Finance Law

§ 102.00. The District was established by the New York State Legislature in 1860. In 1954, the Legislature substantially revised its charter and declared, in Laws of 1954 (ch 711, § 2) that the District "as of December thirty-first, nineteen hundred thirty-eight * * * possessed both the power to contract indebtedness in its own name and to levy taxes upon real property in its own name". Not only has the Legislature never imposed any condition upon the District's exercise of those powers, but in 1987, the Legislature increased both the District's debt limit and its boundaries *(see,* L 1987, chs 650, 651). This court has held those laws to be constitutional *(see, Van Wagner v Hyde Park Fire & Water Dist.,* 158 AD2d 518). In these circumstances, we agree with the Supreme Court that the District possessed "a full arsenal of power" similar to that of a fire district under Town Law article 11.

We also disagree with the intervenor's contention that this action is precluded by collateral estoppel by virtue of the decision and order of this court in *Van Wagner v Hyde Park Fire & Water Dist. (supra),* upholding Laws of 1987 (chs 650, 651). Nothing in that case turned on the dichotomy between "district corporation" and "fire district". This court determined that the 1987 laws did not infringe NY Constitution, article VIII, § 3, which precludes creation of new municipal corporations other than fire districts *(see, Van Wagner v Hyde Park Fire & Water Dist., supra).* Hence, the identical issue was not decided in that proceeding *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 666). Thompson, J. P., Sullivan, Harwood and O'Brien, JJ., concur.