■ CULINARY INSTITUTE OF AMERICA, Respondent, et al., Plaintiffs, v HYDE PARK FIRE & WATER DISTRICT, Appellant. [694 NYS2d 99] —In an action, *inter alia,* for a judgment declaring the invalidity of a supplemental tax levy imposed in March 1990 against the plaintiff Culinary Institute of America, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Bellantoni, J.), dated March 23, 1998, which granted the motion of that plaintiff for summary judgment, denied the defendant's cross motion for summary judgment, and is in favor of that plaintiff and against it in the principal amount of $70,775.81.

Ordered that the order and judgment is modified, on the law, by adding thereto a provision declaring that the supplemental tax levy imposed upon the respondent in March 1990 is invalid; as so modified, the order and judgment is affirmed, with costs to the respondent.

The 1990 preliminary budget of the Hyde Park Fire & Water District (hereinafter the District) did not take into account benefit assessment revenues to be collected in 1990 against the plaintiff Culinary Institute of America (hereainfter the Institute). The District thereafter issued its Tax Collector's Warrant for 1990 indicating a benefit assessment levy of $1,011,146.51 as voted for by members at the District's December 5, 1989, annual meeting.

Shortly after a decision was rendered in a related matter, where this Court upheld the addition of the Institute's property as part of the District (*see, Van Wagner v Hyde Park Fire & Water Dist.,* 158 AD2d 518), the District issued a Tax Collector's Supplemental Warrant for 1990 for collection of benefit assessments from the Institute, as well as from two other property owners, in the amount of $474,322.05. Supplemental bills were then sent to these three property owners on March 20, 1990.

The Institute, among others, thereafter commenced this action alleging that the 1990 levy was illegal. There is no merit to the District's contention that it acted within its rights and

the powers of its charter in issuing the Supplemental Warrant. Pursuant to the District's charter, while the Board of Trustees (hereinafter the Board) possessed the authority to propose a budget, only the voters had the power to approve the budget. The voters approved the 1990 budget for revenues of $1,011,146.51 from special assessments. When the Board, after the return date of the 1990 warrant, decided to issue a supplemental benefit assessment levy of $474,332.05, it increased the 1990 benefit assessment revenue budget. However, according to the charter, the Board did not have the power to impose such an increase absent voter approval (*see, Matter of Korn v Gulotta,* 72 NY2d 363, 373; *Matter of Srogi v Cahill,* 72 Misc 2d 775, 779, *affd* 40 AD2d 948). Accordingly, the Supreme Court properly granted summary judgment in favor of the Institute and properly determined that the Institute is entitled to a refund of taxes, at a 9% rate of interest, as a result of the supplemental levy paid by the Institute under protest (*see,* General Municipal Law § 3-a; *Trump-Equitable Fifth Ave. Co. v City of New York,* 160 AD2d 7).

The District's remaining contentions are without merit.

We note that since this is a declaratory judgment action, the Supreme Court should have directed a declaration in favor of the Institute (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Santucci, J. P., Joy, Feuerstein and Schmidt, JJ., concur.